## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DUYEN M. PHAN,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **v.** | § | **CA NO. 3:17-cv-439** |
| | § | |
| **DC CONTROLS, INC. AND DAVID** | § | |
| **P. EDELBROCK, INDIVIDUALLY,** | § | |
| | § | |
| **DEFENDANTS** | § | **JURY TRIAL REQUESTED** |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Plaintiff Duyen M. Phan sues Defendants DC Controls, Inc. and David P. Edelbrock, Individually ("Defendants") and in support thereof would show as follows:

## I.     PRELIMINARY STATEMENT

1.1     This is an action for failure to pay minimum wages brought under the Fair Labor Standards Act ("FLSA") and the Texas Labor Code, for common law breach of contract and quasi contract under Texas law, and for retaliation under the FLSA.  Plaintiff worked for Defendants for over ten years as a non-exempt, hourly employee manufacturing electronic doors.   In spite of the fact that Plaintiff continued to work for Defendants even after receiving only one (1) fifty cent raise over the course of ten plus years, Defendants repeatedly refused to pay Plaintiff for all hours worked. For example, in 2016 alone, Defendants failed to pay Plaintiff for over 500 hours of her time. Plaintiff complained about Defendants' failure to pay her for all hours worked, and instead of paying Plaintiff, Defendants simply fired her.

1.2     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA and the Texas Labor Code by failing to pay their employees, including

Plaintiff, for all hours worked.

1.3    Plaintiff hereby requests a trial by jury.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendant DC Controls, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in this judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.    Plaintiff**

3.1    Plaintiff Duyen M. Phan is an individual residing in Dallas County, Texas.

**B.    Defendants**

3.2    Defendant DC Controls, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Addison, Texas.

3.3    Defendant DC Controls, Inc. was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4    Defendant DC Controls, Inc. can be served with process by serving its registered agent for service of process, David P. Edelbrock at 15001 Beltwood Parkway, Addison, Texas 75001.

3.5    Defendant David P. Edelbrock is an individual who resides in Texas.

3.6     At all times relevant to this claim, Defendant David P. Edelbrock acted directly or indirectly in the interest of Defendant DC Controls, Inc. in relation to Plaintiff's employment.

3.7     Defendant David P. Edelbrock was substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant David P. Edelbrock was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.9     David P. Edelbrock may be served with process at 1251 E. Myrtle St., Fort Worth, Texas 76104.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant DC Controls, Inc. had gross operating revenue in excess of $500,000.00.

4.3     During the course of their employment, the employees of DC Controls, Inc. including Plaintiff, regularly used materials and/or goods that had moved in interstate commerce while manufacturing electronic doors.

4.4     At all relevant times, Defendant DC Controls, Inc. has been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.6     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.7     At all relevant times, DC Controls, Inc. has been an "enterprise" engaged in commerce as

defined in 29 U.S.C. § 203.

4.8     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.   Specifically, Defendants engaged Plaintiff to construct automatic doors that were sold both in and out of the State of Texas.

4.9     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants build automatic doors for sale to the public.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint.  Specifically, Plaintiff was employed from 2006 through December 19, 2016.

5.3     After ten years of employment with Defendants, Plaintiff was rewarded with a raise of fifty cents an hour.

5.4     While they employed Ms. Phan, Defendants consistently failed to pay her for all hours worked.

5.5     For example, in 2016 alone, Defendants refused to pay Plaintiff for over five hundred hours of time.

5.6     Defendants' conduct in this regard was not solely limited to Ms. Phan, as it was Defendants' pattern and practice to refuse to pay their employees for all hours worked.

5.7     Multiple employees, including Plaintiff, complained about this practice, but Defendants repeatedly ignored these complaints.

5.8     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.9     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during her employment with Defendants.

5.10    Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.11    As the president/owner of Defendant DC Controls, Inc., David P. Edelbrock independently exercised control over the work performed by Plaintiff.

5.12    David P. Edelbrock is responsible for running the day-to-day operations of DC Controls, Inc.

5.13    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., determined the wages to be paid to Plaintiff.

5.14    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.15    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., determined Plaintiff's hours.

5.16    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., determined Plaintiff's conditions of employment.

5.17    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., maintained employment records on Plaintiff.

5.18    David P. Edelbrock, acting directly in the interest of DC Controls, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.19    In fact, Defendant David P. Edelbrock fired Plaintiff for complaining about Defendants' illegal pay practices.

# VI.    CAUSES OF ACTION

## Violation of the FLSA for Failure to Pay Minimum Wage

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff minimum wage for all hours worked during her employment.

6.3     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage for all hours worked during her employment.

6.4     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.5     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.6     Plaintiff seeks all unpaid minimum wage compensation, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## Breach of Texas Minimum Wage Act

6.7     Pleading in the alternative, Plaintiff asserts a cause of action for breach of the Texas Minimum Wage Act.  In so doing, Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

6.8     At all times relevant herein, Defendants were Plaintiff's employers, within the meaning of the Texas Minimum Wage Act, Chapter 62, TEX. LABOR CODE, and Defendants were subject to the requirements of the Texas Minimum Wage Act.  During Plaintiff's employment, Defendants failed to pay Plaintiff the required minimum wage in accordance with the Texas Minimum Wage Act.  Defendants' conduct and practices violated the provisions of the Minimum Wage Act.

6.9     The above-described actions of Defendants violated Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to relief pursuant to Texas Labor Code §62.201 and §62.205.  As a result of Defendants' actions, Plaintiff is entitled to the relief specified under Texas Labor Code §62.201 and §62.205, including unpaid minimum wages, liquidated damages, post-judgment interest, costs and attorney's fees.

### Breach of Contract and Quasi Contract

6.10    Alternatively, Plaintiff is entitled to recover damages for Defendants' failure to pay Plaintiff for all hours worked under the Texas common law for breach of contract.

6.11    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.12     During the course of her employment, Plaintiff and Defendants entered into a valid and enforceable contract regarding payment of her wages in exchange for Plaintiff's services.

6.13    Pursuant to this contract, Defendants were obligated to pay Plaintiff the full amount of her agreed upon compensation every pay period.

6.14    Plaintiff has fully performed all of her contractual obligations.

6.15    Defendants breached this contract by failing to pay Plaintiff all compensation she was owed under the above referenced contract.

6.16    Defendants' breach caused injury to Plaintiff, which resulted in damages.

6.17    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

6.18    By virtue of the filing of this Original Complaint, Plaintiff has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

6.19    Plaintiff also seeks to recover damages against Defendants for the full amount of her unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

6.20    Alternatively, Defendants owe Plaintiff all unpaid compensation at Plaintiff's full regular rate under *quantum meruit* for services Plaintiff provided directly to Defendants.  Defendants accepted these services under such circumstances that Defendants were reasonably notified that Plaintiff expected to be paid by Defendants.

### Violation of the FLSA for Retaliation

6.21    In spite of the fact Plaintiff was a loyal and dedicated employee who remained with Defendants even though Defendants only gave her a fifty cent raise during her decade of work for them, Defendants ultimately discharged Plaintiff for complaining about the fact that Defendants routinely refused to pay Plaintiff for all hours worked.

6.22    The retaliation Plaintiff experienced was a direct result of, and caused by, Plaintiff's complaints regarding the Defendants' failure to pay her for all hours worked. Defendants' actions constitute a violation of 29 U.S.C. § 215(a)(3).

6.23    Further, this conduct is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard retaliated against Plaintiff in violation of the FLSA.  Therefore, in addition to attorneys' fees and costs, Plaintiff seeks compensatory damages, liquidated damages, and punitive damages in connection with Defendants' unlawful retaliatory conduct.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Duyen M. Phan respectfully prays that Defendants DC Controls, Inc. and David P. Edelbrock, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

a.   Actual damages for the full amount of Plaintiff's unpaid minimum wage compensation under the FLSA;

b.   Liquidated damages in an amount equal to Plaintiff's unpaid minimum wage compensation under the FLSA;

c.   Actual and liquidated damages, as well as attorneys' fees and costs, for unpaid minimum wages for under Texas Labor Code §62.201 and §62.205;

d.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code and by Texas Labor Code §62.201 and §62.205;

e.   Unpaid wages for non-overtime hours at Plaintiff's regular rate of pay under her contracts (express or implied) or under any applicable statute;

f.   compensatory damages, liquidated damages, and punitive damages in connection with Defendants' unlawful retaliatory conduct.

g.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

h.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,


  /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, Texas 76102
Tel: (817) 888-8888
Fax:  (817) 810-0050
E-Mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF